UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRES FERNANDEZ, and RAMON ANTONIO
GONZALEZ, individually and on behalf of all others similarly
situated,                                                                                          CIVIL ACTION NO.

                                      Plaintiffs,                                 COMPLAINT

                  -against-

CLASSIC AUTO DETAILING INC., and ANGEL
VELASQUEZ,

                                      Defendants.
------------------------------------------------------------------------X

Plaintiffs Andres Fernandez and Ramon Antonio Gonzalez ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Classic Auto Detailing Inc. ("Classic Auto Detailing") and Angel Velasquez (collectively, "Defendants"), respectfully allege as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Labor Law §§ 190 et seq. and 650 *et seq.* ("NYLL"), and the Connecticut Minimum Wage Act, Conn. Gen.Stat. § 31–58 *et seq.* ("CMWA").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York and Connecticut state law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the State of Connecticut.

6. At all relevant times, Plaintiffs were employed by Defendants.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant Classic Auto Detailing is a domestic corporation with its principal place of business located at 15 Stewart Place, #1C, White Plains, New York 10603.

9. Classic Auto Detailing maintains auto detailing stations at various auto dealerships throughout New York and Connecticut, where its employees provide automobile detailing services to the auto dealerships.

10. Defendant Velasquez is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Velasquez was, and still is, an officer, director, shareholder, and/or person in control of Classic Auto Detailing who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

12. At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA, NYLL, and CMWA.

13. Defendants are covered employers within the meaning of the FLSA, NYLL, CMWA, and, at all relevant times, employed Plaintiffs.

14. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

15. Defendants operate in interstate commerce.

16. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

17. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of no less than forty (40) similarly situated current and/or former employees of Defendants who worked as detailers, and have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other pay.

19. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

21. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

22. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

<u>Andres Fernandez</u>

23. Plaintiff Fernandez worked for Defendants as a detailer from on or around May 20, 2016 until on or around November 20, 2020.

24. As a detailer, Fernandez's primary job duties included washing cars, cleaning and degreasing engines, polishing metal parts, restoring interiors, buffing exteriors, and performing other detailing duties as required.

25. From the start of his employment until in or around November 2017, Fernandez worked primarily at Defendants' auto detailing station at a Mercedes-Benz dealership located at 165 Commerce Drive, Fairfield, Connecticut 06825.

26. From in or around December 2017 until in or around June 2019, Fernandez worked primarily at Defendants' auto detailing station at a Land Rover dealership located at 1 E Main St, New Rochelle, New York 10801.

27. From in or around July 2019 until the end of his employment, Fernandez worked primarily at Defendants' auto detailing station at a Land Rover dealership located at 299 Kisco Ave, Mt. Kisco, New York 10549.

28. Throughout his employment, Fernandez was occasionally instructed to work a sporadic day or two (2) per month at another one of Defendants' auto detailing stations located in New York or Connecticut.

29. Throughout his employment, Fernandez regularly worked Mondays through Saturdays, from approximately 8:00 a.m. until 6:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately fifty-seven (57) hours per week.

30. Throughout his employment, Fernandez was paid a fixed weekly salary, regardless of the number of hours worked per week.

31. From the start of his employment until in or around April 2018, Fernandez was paid $580.00 per week.

32. From in or around May 2018 until in or around December 2018, Fernandez was paid $690.00 per week.

33. From in or around January 2019 until the end of his employment, Fernandez was paid $850.00 per week.

Ramon Antonio Gonzalez

34. Plaintiff Gonzalez worked for Defendants as a detailer from in or around October 2018 until in or around March 2021.

35. As a detailer, Gonzalez's primary job duties included washing cars, cleaning and degreasing engines, polishing metal parts, restoring interiors, buffing exteriors, and performing other detailing duties as required.

36. From the start of his employment until in or around December 2018, Gonzalez worked primarily at Defendants' auto detailing station at a BMW dealership located at 250 Kisco Ave, Mt. Kisco, New York 10549.

37. From in or around January 2019 until the end of his employment, Gonzalez worked primarily at Defendants' auto detailing station at a Land Rover dealership located at 1335 Boston Post Rd, Darien, Connecticut 06820.

38. Throughout his employment, Gonzalez was occasionally instructed to work a sporadic day or two (2) per month at another one of Defendants' auto detailing stations located in New York or Connecticut.

39. From the start of his employment until in or around December 2018, Gonzalez regularly worked Mondays through Saturdays, from approximately 8:00 a.m. until 6:00 p.m., with a daily thirty (30) minute meal break, for a total of approximately fifty-seven (57) hours per week.

40. From in or around January 2019 until the end of his employment, Gonzalez regularly worked six (6) days per week, as follows: Mondays through Thursdays, from approximately 8:00 a.m. until 7:00 p.m., with a daily thirty (30) minute meal break; Fridays from approximately 8:00 a.m. until 6:00 p.m., with a daily thirty (30) minute meal break; and Saturdays, from approximately 8:00 a.m. until 4:00 p.m., with a daily thirty (30) minute meal break. During this time period, Gonzalez regularly worked a total of approximately fifty-nine (59) hours per week.

41. Throughout his employment, Gonzalez was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per week.

42. From the start of his employment until in or around December 2018, Plaintiff was paid $11.00 per hour.

43. From in or around January 2019 until the end of his employment, Plaintiff was paid $12.75 per hour.

44. Throughout Plaintiffs' employment, Defendants did not require them to punch in or out, or otherwise record their hours worked.

45. Throughout their employments, Plaintiffs were non-exempt employees pursuant to the FLSA, NYLL, and CMWA, and were entitled to overtime compensation for the hours they worked in excess of forty (40) per week.

46. However, despite routinely working more than forty (40) hours per week, Plaintiffs were not paid overtime compensation of one and one-half (1.5) their regular hourly rate of pay for all hours they worked over forty (40) per week.

47. Defendants also failed to furnish to Plaintiffs, at the time they were hired or at any time thereafter, a notice containing their rates of pay, the designated payday, or other information required by NYLL § 195(1).

48. Furthermore, Plaintiffs did not receive, with each wage payment, a statement listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

49. Defendants violated federal and state law by willfully failing to pay Plaintiffs and similarly situated employees overtime compensation; and failing to provide Plaintiffs with the required payroll notices and wage statements.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations Under the FLSA)

50. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

51. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their

regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

52. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

53. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

54. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

55. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

56. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Overtime Violations Under the NYLL)

57. Plaintiffs repeat and reallege all prior allegations set forth above.

58. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the

8

applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

59. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants while working in New York.

60. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

61. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

62. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

63. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Timely Pay Wages under the NYLL)

64. Plaintiffs repeat and reallege all prior allegations set forth above.

65. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

66. During the relevant period, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

67. During the relevant period, Defendants failed to timely pay Plaintiffs all of their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

68. Throughout the relevant period, Defendants failed to timely pay Plaintiffs all overtime wages earned by Plaintiffs, in violation of NYLL § 191(1)(a)(i).

69. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

70. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

71. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Overtime Violations Under the CMWA)

72. Plaintiffs repeat and reallege all prior allegations

73. Pursuant to the applicable provisions of the CMWA, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

74. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants while working in Connecticut.

75. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

76. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

77. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

78. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Provide Payroll Notices Under the NYLL)

79. Plaintiffs repeat and reallege all prior allegations.

80. Defendants failed to furnish to Plaintiffs, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

81. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

82. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Provide Wage Statements Under the NYLL)

83. Plaintiffs repeat and reallege all prior allegations.

84. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

85. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

86. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action for all wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)  on the Fourth of Action for all overtime wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e)  on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

f)  on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along

g)  interest;

h)  costs and disbursements; and

i)  such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 15, 2021

*/s/ Nicola Ciliotta*
Nicola Ciliotta
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
nciliotta@katzmelinger.com
*Attorneys for Plaintiffs*