# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") sets forth the mutual understanding between Ramon Antonio Gonzalez ("Plaintiff") on the one hand and Classic Auto Detailing Inc. ("Classic"), and Angel Velasquez ("Velasquez") (collectively "Defendants") on the other hand, regarding Plaintiff's employment and the settlement of all claims Plaintiff has asserted in this action against Defendants. Plaintiff and Defendants are collectively referred to as the "Parties" and individually as a "Party."

## WITNESSETH

**WHEREAS**, on or about July 15, 2021, Plaintiff filed with the United States District Court for the Southern District of New York ("SDNY") a Complaint, Case No. 7:21-cv-06068 ("Complaint") alleging certain violations of the Fair Labor Standards Act, the New York State Labor Law, and the Connecticut Minimum Wage Act by Defendants as against Plaintiff (hereinafter, the "Action");

**WHEREAS**, Defendants have defended and contest vigorously each and every claim in the Action and deny all material allegations of the Action, as to which Defendants allege numerous defenses which they contend are meritorious. Defendants, without admitting any wrongdoing or liability on their behalf, nevertheless have agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to, the Action; and

**WHEREAS**, the Parties have agreed to resolve this matter solely to avoid the costs and uncertainty of further litigation; and

**WHEREAS**, the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully, finally, all of their past, present, and any future claims, disputes, and potential disputes that existed or may exist and could have been raised in the Action, pursuant to the terms and conditions of this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

(The foregoing "Whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **<u>Settlement Amount</u>**

In lieu of incurring further litigation costs associated with defending the Action and in consideration for Plaintiff's execution of this Settlement agreement, which includes a release, Defendants shall cause Plaintiff to be paid the gross sum of Thirty-Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00), inclusive of attorneys' fees and costs ("Settlement Funds"). Such Settlement Funds shall be apportioned and paid as follows:

    a.    A check made payable to "Katz Melinger PLLC" in the amount of Eight-Thousand One Hundred and Twenty-Five Dollars and Zero Cents ($8,125.00), representing a one-third contingency fee, to be issued within five (5) business days of the Court's approval of this Settlement Agreement;

    b.    A check made payable to "Katz Melinger PLLC" in the amount of Eight-Thousand One Hundred and Twenty-Five Dollars and Zero Cents ($8,125.00), to be issued within 30 calendar days of issuance of the payment described in Paragraph 1(a) herein;

    c.    A check made payable to "Katz Melinger PLLC" in the amount of Eight-Thousand One Hundred and Twenty-Five Dollars and Zero Cents ($8,125.00), to be issued within 30 calendar days of issuance of the payment described in Paragraph 1(b) herein

    d.    A check made payable to "Katz Melinger PLLC" in the amount of Eight-Thousand One Hundred and Twenty-Five Dollars and Zero Cents ($8,125.00), to be issued within 30 calendar days of issuance of the payment described in Paragraph 1(c) herein.

    e.    The payments set forth in paragraphs 1(a), 1(b), 1(c), and 1(d) shall be delivered by overnight courier (i.e. Federal Express) to the office of Katz Melinger PLLC to the attention of Nicole Grunfeld, Esq. ("Plaintiff's Counsel"), at 370 Lexington Avenue, Suite 1512, New York, NY 10017.

    f.    The Parties understand and represent that Plaintiff's Counsel shall be responsible for distributing the settlement amounts and that such distribution to Plaintiff shall be in accordance with the retainer agreement between Plaintiff and his counsel.

    g.    A Form 1099 shall be issued to Plaintiff and delivered to Plaintiff's counsel.

    h.    All Parties shall bear their own costs and fees, except as otherwise provided herein.

    i.    The Parties acknowledge and agree that the Settlement Amount is being paid in satisfaction of all claims that were or could have been asserted by Plaintiff under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and Connecticut Minimum Wage Act ("CMWA") and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs. Plaintiff agrees that he has no future entitlement to any compensation, wages, tips, gratuities, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay or benefits, damages, attorneys' fees, or costs other than have been asserted herein and that

Plaintiff shall not bring or participate in any subsequent action to the contrary. The Parties further acknowledge and agree that the Settlement Amount and the obligations set forth in Paragraph 1 of this Agreement shall constitute full and final settlement of all past, present, and future wage and hour claims and causes of action by Plaintiff against Defendants, and all such claims and causes of action will be forever settled in their entireties.

2. **Release and Covenant Not to Sue**

    a. As a material inducement to Defendants to enter into this Agreement, and in consideration of the Settlement Amount and other consideration, the receipt and value of which is hereby agreed to and acknowledged, Plaintiff, on behalf of himself, his heirs, successors, representatives, assigns, attorneys, agents, executors, trustees, and administrators ("Releasors"), hereby irrevocably and unconditionally releases, acquits, and forever discharges, **to the maximum extent permitted by law**, Defendants and their present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, reinsurers, business managers, accountants, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), of and from all FLSA and NYLL wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action.

    b. Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date; or (iii) claims that cannot be waived as a matter of law.

    c. Plaintiff acknowledges that he may discover facts or law different from or in addition to the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

    d. If any legal action or proceeding, whether individual or class action, is instituted in court or a federal, state, or local administrative agency (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to him (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Paragraph 2 of this Agreement. Therefore, Plaintiff agrees that he will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that he will, to the extent of his ability, seek to have it discontinued and/or dismissed with prejudice.

    e. Plaintiff shall not hereafter directly or indirectly commence, continue, or participate in any lawsuit, charge, claim, or proceeding, in any forum, against Defendants arising out of or relating to any allegation or claim concerning Plaintiff's employment with Defendants, or all claims

referred to or identified in the Action, or in the various correspondence among the Parties, or their respective law firms, unless directed by court or agency order or lawful subpoena.

### 3. Default; Notice to Cure

As security for the payments required under this Agreement, Defendants shall execute the Affidavit of Confession of Judgment in the form attached hereto as Exhibit 1 (the "Confession") In the event Defendants fail to make timely payment of the Settlement Amount to Plaintiff, Plaintiff's counsel shall notify Defendants' counsel, Patrick Welch, of the default by e-mail at pwelch@sw-firm.com and by overnight courier (i.e. Federal Express) to the address for Notices as set forth in paragraph 17 below. (Notice will be deemed completed upon delivery of the notice by overnight courier to Defendants' counsel). In the event that Defendants fail to timely cure the default within five (5) days from the date such notice was received by Defendants' counsel, counsel for Plaintiff may file the Confession without further notice. Should Plaintiff or his attorneys file the Confession, then Plaintiff or his attorneys shall also file a Partial Satisfaction of Judgment, crediting the Defendants with any and all payments received under this Agreement.

Should Defendants fail to make timely payment of the Settlement Amount to Plaintiff and fail to timely cure the default within five (5) days from the date on which Defendants' counsel receives notice of default, and Plaintiff or his attorneys file the Confession in court, Plaintiff shall be entitled to recover from the Defendants, in addition to the amounts confessed in the Confession, all costs and reasonable attorneys' fees incurred by Plaintiff from the date of any breach of this Agreement, including costs and reasonable attorneys' fees incurred in entering and enforcing any judgment against the Defendants and in entering any additional judgments against the Defendants for said costs and reasonable attorneys' fees. In the event that the Clerk of the county in which the Confession is filed rejects the Confession, then Plaintiff shall be entitled to file suit against the Defendants and recover from the Defendants the amount set forth in the Affidavit of Confession of Judgment, less all payments made under this Agreement, and shall also be entitled to recover from the Defendants all costs, disbursements, and reasonable attorneys' fees incurred by Plaintiff because of the Defendants' breach of this Agreement.

### 4. No Admissions

Plaintiff acknowledges and agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, neither this Agreement nor the furnishing of consideration for the release shall be construed as an admission that Defendants or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee have committed any wrongdoing against Plaintiff. This Agreement shall not be construed as an admission by Plaintiff that Plaintiff's claims lack merit.

### 5. Representations and Acknowledgements

Plaintiff hereby represents and agrees that he: has been advised by Defendants of his rights to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; has so consulted with an individual/entity of his choice (namely, Nicole D. Grunfeld, Esq. and/or Eliseo Cabrera, Esq., and/or Katz Melinger PLLC); has carefully read all of the provisions of this Agreement; has had the opportunity to have the individual/entity he consulted answer any questions he might have had; fully understands

all of the provisions of this Agreement; has had a reasonable period of time to consider whether to enter into this Agreement; and is voluntarily and knowingly entering into this Agreement.

6. **Entire Agreement**

This Agreement represents the complete and full settlement of any and all overtime claims of Plaintiff against Defendants or any Releasee and fully supersedes any and all prior agreements or understandings among the Parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by Defendants with regard to the subject matter, basis, or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

7. **Capability to Waive Claim**

Plaintiff is competent to affect a knowing and voluntary release and waiver of all claims as are contained herein and to enter into this Agreement and is not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendants or to waive all wage and hour claims that Plaintiff may have against Defendants.

8. **No Waiver**

Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9. **Non-Disparagement; Neutral Reference**

Plaintiff agrees he shall not, in public or in private, make any false statements about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written, or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

Angel Velasquez, Dexter Cokeley and the officers and directors of Classic Auto Detailing Inc. agree that they shall not, in public or in private, make any false statement about Plaintiff that is derogatory, disparaging, or defamatory, whether by electronic, written, or oral means, to any person (including, but not limited to, the press or other media, or on social media websites). Should Defendants or their agents, successors, or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely

that the matter has been resolved.

### 10. Waiver of Reinstatement/Reemployment

Plaintiff acknowledges and agrees that, because of circumstances unique to him including, but not limited to, irreconcilable differences with Releasees, Plaintiff will not knowingly apply for or accept employment or an independent contractor position with any of the Defendants or any or their affiliates, parent companies, subsidiaries, related entities, or successors. If Plaintiff is found to be an applicant, employee, or independent contractor of any of the above, whether inadvertent or otherwise on the part of Plaintiff, then Defendants or a pertinent affiliate, parent, subsidiary, related entity, or successor, at its sole discretion, may deny or terminate such employment or engagement pursuant to this Agreement, which shall serve an as absolute affirmative defense to any liability for such act.

### 11. Severability

The provision of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants or any Releasee.

### 12. Jointly Drafted Agreement

This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such party drafted or requested such provision or this Agreement as a whole.

### 13. Applicable Law, Jurisdiction, and Venue

The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. The Parties submit to and recognize the jurisdiction and proper venue of the courts of the State of New York, County of New York, or the United States District Court for the Southern District of New York, sitting in New York, New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Releasees, and to the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts.

### 14. No Assignment of Claims

Plaintiff represents and warrants that he has not assigned or hypothecated any claims herein released in any manner to any person or entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the payment of the Settlement Amount. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against the payment of the Settlement Amount.

### 15. Counterpart Signatures

This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Parties. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

### 16. Notice

Any notice or other communication required or permitted to be given hereunder shall be in writing and shall be mailed by certified mail, return receipt requested, or by the most nearly comparable method of mailing from or to a location outside the United States, or by Federal Express, Express Mail, or similar overnight delivery or courier service or delivered in person to the Party to whom it is to be given at the address of such Party as set forth in this Section (or to such other address as the Party shall have furnished in writing in accordance with this Section):

Nicole Grunfeld, Esq.
c/o Katz Melinger PLLC
370 Lexington Ave., Suite 1512
New York, NY 10017

Patrick Welch, Esq.
c/o Stieglitz &Welch PLLC
50 Main Street, Suite 1000
White Plains, NY 10606


PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO HIM BY COUNSEL OF HIS CHOICE, NAMELY NICOLE D. GRUNFELD, ESQ. AND/OR ELIEO CABRERA, ESQ. AND/OR KATZ MELINGER PLLC; THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO HIM IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE;

AND, THAT HE IS SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY AND CONCLUSIVELY SETTLE ALL WAGE AND HOUR MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN PLAINTIFF'S COMPLAINT. PLAINTIFF AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT HEWAS INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

*******

**IN WITNESS WHEREOF**, the Parties hereto have read the foregoing Settlement Agreement and accept and agree to the provisions contained herein and have caused this Agreement to be executed by their respective duly authorized representatives, as of the dates below.

**RAMOND ANTONIO GONZALEZ**

By: _____      Dated: _____
    Ramon Antonio Gonzalez

**CLASSIC AUTO DETAILING INC.**

By: _____      Dated: _____
    Dexter Cokeley
    *Owner*

**ANGEL VELASQUEZ**

By: _____      Dated:_____
    Angel Velasquez

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ROCKLAND**

RAMON ANTONIO GONZALEZ,

           Plaintiff,

-against-

CLASSIC AUTO DETAILING INC., and ANGEL VELASQUEZ,

           Defendants.

Index No. _____

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                             ) ss.
COUNTY OF ROCKLAND    )

Angel Velasquez, being duly sworn, deposes and says:

1. I, Angel Velasquez, am an owner of Classic Auto Detailing Inc., a domestic corporation which has a principal place of business of 15 Stewart Place, #1C, White Plains, New York 10603.

2. I reside in Rockland County, New York.

3. I execute this Affidavit of Confession of Judgment on behalf of myself, individually.

4. I hereby confess judgment herein, and authorize the entry thereof in Westchester County, New York, in favor of Ramon Antonio Gonzalez ("Plaintiff") in the amount of FORTY-TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$42,500.00**) pursuant to the Settlement and Release of Claims Agreement (the "Settlement Agreement") between Defendants and Plaintiff in the action filed in the District Court of the Southern District of New York entitled Andres Fernandez, and Ramon Antonio Gonzalez, individually and on behalf of all others similarly situated,

v. Classic Auto Detailing Inc., and Angel Velasquez, Civil Case No. 7:21-cv-06068 (the "Action").

5. The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

   a. Plaintiff and Defendants entered into the Settlement Agreement to resolve employment-related claims that Plaintiff asserted against Defendants.

   b. Pursuant to the Settlement Agreement, Defendants promised to pay Plaintiff the total sum of THIRTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$32,500.00**) (the "**Settlement Amount**") as set forth in the Settlement Agreement.

   c. Defendants expressly agreed to confess a judgment of FORTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$42,500.00**), which exceeds the amount owed to Plaintiff under the Settlement Agreements, in consideration for Plaintiff's agreement to accept the Settlement Amount which is less than the amount Plaintiff claimed in the Action.

   d. The FORTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$42,500.00**) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of the claims he asserted against Defendants in the Action.

   e. In order to secure Defendants' obligations under the Settlement Agreement, Defendants agreed to deliver this Affidavit of Judgment by Confession to Katz Melinger PLLC, counsel for Plaintiff, as part of the Settlement Agreement, which shall be held in escrow by counsel for Plaintiffs pending full and timely furnishing of the Settlement Amount. This Affidavit of Judgment by Confession shall only be released from escrow, filed, and executed upon in the event that Defendants fail to timely deliver any portion of the Settlement Amount to Plaintiff and/or Plaintiff's counsel pursuant

to the terms of the Settlement Agreements, including any applicable notice and cure period thereunder.

6. Judgment is not confessed with fraudulent intent, to protect the property of Defendants from creditors, or for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR § 3201.

7. Notice of entry and service of the judgment by upon Defendants' counsel, Patrick Welch, by overnight courier (i.e. Federal Express), shall be deemed sufficient.

8. Defendants consent to the personal jurisdiction of the federal and state courts of the State of New York over this matter.

9. Defendants authorize entry of the aforementioned judgment in Rockland County, New York.

_____
Angel Velasquez, individually

Sworn to before me this
\_\_\_ day of _____, 2022

_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

RAMON ANTONIO GONZALEZ,

           Plaintiff,

-against-

CLASSIC AUTO DETAILING INC., and ANGEL VELASQUEZ,

           Defendants.

Index No. _____

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF WESTCHESTER    )

Angel Velasquez, being duly sworn, deposes and says:

1.    I, Angel Velasquez, am an owner of Classic Auto Detailing Inc., a domestic corporation which has a principal place of business of 15 Stewart Place, #1C, White Plains, New York 10603.

2.    I execute this Affidavit of Confession of Judgment on behalf of Classic Auto Detailing Inc.

3.    I hereby confess judgment herein, and authorize the entry thereof in Westchester County, New York, in favor of Ramon Antonio Gonzalez ("Plaintiff") in the amount of FORTY-TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$42,500.00**) pursuant to the Settlement and Release of Claims Agreement (the "Settlement Agreement") between Defendants and Plaintiff in the action filed in the District Court of the Southern District of New York entitled Andres Fernandez, and Ramon Antonio Gonzalez, individually and on behalf of all others similarly situated, v. Classic Auto Detailing Inc., and Angel Velasquez, Civil Case No. 7:21-cv-06068 (the "Action").

4. The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiff under the following circumstances:

   a. Plaintiff and Defendants entered into the Settlement Agreement to resolve employment-related claims that Plaintiff asserted against Defendants.

   b. Pursuant to the Settlement Agreement, Defendants promised to pay Plaintiff the total sum of THIRTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$32,500.00**) (the "**Settlement Amount**") as set forth in the Settlement Agreement.

   c. Defendants expressly agreed to confess a judgment of FORTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$42,500.00**), which exceeds the amount owed to Plaintiff under the Settlement Agreements, in consideration for Plaintiff's agreement to accept the Settlement Amount which is less than the amount Plaintiff claimed in the Action.

   d. The FORTY TWO THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS (**$42,500.00**) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiff would be entitled were Plaintiff to prevail on all of the claims he asserted against Defendants in the Action.

   e. In order to secure Defendants' obligations under the Settlement Agreement, Defendants agreed to deliver this Affidavit of Judgment by Confession to Katz Melinger PLLC, counsel for Plaintiff, as part of the Settlement Agreement, which shall be held in escrow by counsel for Plaintiffs pending full and timely furnishing of the Settlement Amount. This Affidavit of Judgment by Confession shall only be released from escrow, filed, and executed upon in the event that Defendants fail to timely deliver any portion of the Settlement Amount to Plaintiff and/or Plaintiff's counsel pursuant to the terms of the Settlement Agreements, including any applicable notice and cure period thereunder.

5. Judgment is not confessed with fraudulent intent, to protect the property of Defendants from creditors, or for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR § 3201.

6. Notice of entry and service of the judgment upon Defendants' counsel, Patrick Welch, by overnight courier (i.e. Federal Express), shall be deemed sufficient.

7. Defendants consent to the personal jurisdiction of the federal and state courts of the State of New York over this matter.

8. Defendants authorize entry of the aforementioned judgment in Westchester County, New York.

_____
Angel Velasquez, on behalf of
Classic Auto Detailing, Inc.

Sworn to before me this
\_\_\_ day of _____, 2022

_____
Notary Public